BORINQUEN FURNITURE, INC., Petitioner and Appellee, *v.* COURT OF FIRST INSTANCE OF PUERTO RICO, DISTRICT COURT, SAN JUAN PART, FRANCISCO M. MONSERRATE, JUDGE, Defendant; MARÍA Z. UMPIERRE, Intervener and Appellant.

No. 11313. Argued January 3, 1956.—Decided January 31, 1956.

*Leopoldo C. Delucca* for appellant. *Gilberto J. Marxuach* for appellee.

MR. JUSTICE SALDAÑA delivered the opinion of the Court.

Is a final judgment or order rendered by the Superior

Court (after a trial on the merits) in a certiorari proceeding to review actions of the District Court appealable to this Court? That is the sole question for decision here and, as we shall now explain, we believe that the question must be answered in the negative. That judgment or order could only be reviewed if this Court holds, in the exercise of its discretion under the Judiciary Act of 1952, that a writ of certiorari must be issued for such purpose.

The facts in the instant case are simple. The appellant here levied an attachment in an action of debt in the District Court. The appellee intervened and prayed for annulment and that court, after a hearing, rendered judgment refusing to annul the attachment. The appellee appealed to the Superior Court by way of certiorari. The writ was issued and the Superior Court, after considering the merits, rendered judgment sustaining the petition for certiorari and vacating the judgment of the court of first instance. The issue thus joined, the present appeal was taken from the judgment of the Superior Court.

Although neither of the parties raised the question, we considered *motu proprio* whether the judgment of the court was appealable [1] and finally decided to dismiss the appeal.[2] Reconsideration is now sought on the following grounds: *first*, that neither the Organic Act of the Judiciary of 1950 (Sess. Laws, p. 1126) nor the Judiciary Act of 1952 (Spec. Sess. Laws, p. 30) prohibits said appeal, and *second*, that the judgment is appealable pursuant to § 295 of the Code of Civil Procedure as it has been construed by this Supreme Court in the past, although by express provision of the law

---

[1] See *Del Valle, Ex Parte*, 69 P.R.R. 617, 618 (1949); *López v. Pérez*, 68 P.R.R. 291, 293 (1948); *Santana v. Salinas*, 54 P.R.R. 109, 113 (1939) and *Oller v. López*, 42 P.R.R. 672 (1931).

[2] By virtue of an *Order* rendered September 23, 1955, with the dissenting vote of Mr. Justice Marrero and Mr. Justice Pérez Pimentel.

only one appeal may be taken (to the Superior Court) from cases decided by the District Court.[3]

 It is well known that ever since our decision in the *Pérez Segovia* case,[4] certiorari is no longer limited to reviewing errors of procedure or jurisdiction. It serves also, as does the appeal, to discuss errors of substantive law. Of course, it is not enough to apply for certiorari in order to obtain it, for in principle it is a discretionary and suppletory remedy, while the appeal constitutes a right.[5] But if the Superior Court issues the writ, the review has the same scope and fulfills the same function as does a review by appeal.[6]

On the other hand, the provision of law which allows a single appeal in all cases from the District Court is one of the basic principles of the judicial organization in Puerto Rico. It was necessary to put an end to the practice of

---

[3] Section 19 of the Judiciary Act of 1952 provides:
"The right of appeal from any final judgment of the District Court to the Superior Court is hereby established . . . *Further review thereafter shall be only by certiorari by the Supreme Court grantable by that Court in its discretion.*" 4 L.P.R.A. § 37.

[4] *Pérez Segovia* v. *District Court*, 69 P.R.R. 4 (1949). *Cf. Toledo Alamo, El Certiorari Clásico en Puerto Rico*, 16 Rev. Jur. de la U.P.R. 315 (1947).

[5] It is advisable to state that although suppletory in principle, in the past the writ of certiorari has been at times issued with undue liberality in cases where an appeal was in order. See *Vergne* v. *Superior Court*, 77 P.R.R. 21 (1954); *Mercado* v. *District Court*, 71 P.R.R. 739, 750 (1950); *Camacho* v. *District Court*, 69 P.R.R. 689, 691, 693 (n. 1) (1949); *Toledo Alamo, op. cit.*, 335–338, 348–351, 359 and cases cited therein.

[6] In a certiorari the court may enter the judgment which should have been rendered by the lower court, as in the case of appeals. *Comm'r of Education* v. *District Court; Feliciano, Int.*, 74 P.R.R. 306, 321 (1953); *Long* v. *District Court*, 72 P.R.R. 737 (1951); *Martínez* v. *District Court*, 72 P.R.R. 197 (1951); *Fernández* v. *District Court*, 71 P.R.R. 149, 175 (1950) and *Pérez Segovia* v. *District Court, supra*. On the other hand, it is not necessary to stress here certain distinctions that still prevail between both proceedings but which do not affect the assertion made in the opinion. For example, the difference concerning the term fixed for the filing of both proceedings. See *Rodríguez* v. *Municipal Court and Ramos*, 74 P.R.R. 616 (1953); *Toledo Alamo, op. cit.*, 383–386, and cases cited therein.

multiple appeals because they obviously constitute ". . . an economic waste and a menace to public confidence in the courts . . ." Sunderland, *Intermediate Appellate Courts,* 6 Am. L. School Rev. 693 (1927).[7] The law grants us unfettered power to review judgments rendered on appeal by the Superior Court but only in order to (1) preserve the uniformity of judicial doctrine, (2) fix standards or rules concerning important questions of public or private law, and (3) prevent manifest injustice in the application of the law. Furthermore, in *denying* flatly a petition for certiorari we need not explain the reasons for our denial nor do we express any view as to the merits of the case. *Bartolomei v. Superior Court,* 77 P.R.R. 436 (1954).

Thus, in the case of suits originating in the District Court, according to our construction of § 19 of the Judiciary Act of 1952, an appeal to the Supreme Court does not lie even if the review in the Superior Court was by certiorari and not by ordinary appeal. Otherwise, the Judiciary Act of 1952 would be rendered inoperative, as we would be allowing the litigants to evade it easily.

Although statutory construction is an art and not a science and no theory ever furnishes an infallible remedy for establishing the correct and accurate meaning of the law, it is nonetheless true that ". . . the most outstanding and fundamental resort of the rational interpretation is the teleological element derived from the purpose of the law . . ." since the latter ". . . is always a means to an end and, consequently, it should be construed . . . attributing to it the sense that best achieves the end sought by it." Castán,

---

[7] Professor Sunderland (*op. cit. supra*) adds: "The cost and uncertainty of litigation have always been the two chief complaints against the administration of justice, and double appeals certainly increase the first and emphasize the second." On this particular, there is hardly any discrepancy among jurists. See Pound, *Appellate Procedure in Civil Cases* (1941), 326–327, 392. Also Clark and Rogers, *The New Judiciary Act of Puerto Rico: A Definite Court Reorganization,* 61 Yale L. J. 1147, 1161–1165 (1952).

*Teoría de la Aplicación e Investigación del Derecho* (1947) 240.[8] Our duty of enforcing with scrupulous loyalty the standards set up by the laws prevents us from thwarting or failing to fulfill the purposes clearly and intelligibly expressed in the provisions of § 19 of the Judiciary Act of 1952. We cannot agree with the literal and formalistic interpretation of the text of that section as proposed by the appellant: that it only refers to "judgments rendered on appeal by the Superior Court" and that it does not include the judgments rendered by the latter court in certiorari proceedings to review actions of the District Court. The literal sense of § 19 is at most ambiguous and of secondary importance if we bear in mind our analysis of the essential purpose of the law. That is to say, of two possible interpretations we reject that which leads to absurd results and we prefer the more rational one from the standpoint of the aim pursued by § 19 of the Judiciary Act of 1952. *Cf. United States v. Hutcheson*, 312 U. S. 219, 235–236 (1941); Hand, *The Spirit of Liberty* (1953) 103–110, 155–159, 215–217; Cox, *Judge Learned Hand and the Interpretation of Statutes*, 60 Harv. L. Rev. 370 (1947); Frankfurter, *Some Reflections on the Reading of Statutes*, 47 Col. L. Rev. 527, 533–544 (1947).[9]

---

[8] He adds that "Actually, the analysis of the motivations and of the purposes of the juridical standards presupposes a delicate and complex appreciation of practical interests and of ethical and cultural ideals. Above all, it requires delving into the realities of life, into its economic and social demands. And the representatives of the most antagonistic schools are agreed in this fundamental idea." (p. 241.) *Cf.* also *Castán, La Formulación Judicial del Derecho* (1954) 18–26, 102–128, 151–160.

[9] On this particular see also: Gény, *Méthode d'Interpretation et Sources en Droit Privé Positif* (Second ed. 1919), Vol. I, 287–316, and Vol. II, 74–190; Bonnecase, *The Problem of Legal Interpretation in France*, 12 *Journal of Comp. Legis. and Int. Law* (Third ed.) 90 (1930); Gutteridge, *Comparative Law* (1947) 101–116; Pound, *The Theory of Judicial Decision*, 36 Harv. L. Rev. 940 (1923); Id., *Sources and Forms of Law*, 21 *Notre Dame Lawyer* 247, 291–307 (1946); Cohen, *Law and the Social Order* (1933) 121–147; Reichel, *La Ley y la Sentencia* (1921) 62–89.

In addition to the foregoing, we must also state that § 14 of the Judiciary Act of 1952 provides the following:

"Final judgments, and other orders of the Superior Court *from which heretofore an appeal might have been taken from the District Court, may be appealed to the Supreme Court* under the terms and conditions established by law and in accordance with the rules of procedure established by the Supreme Court, except that the right and extent of appeal in cases brought under section 121 (*a*) 2, 3, and 4 of this title, shall be the same as that heretofore and now accorded cases brought under section 121(*a*) 5. Any judgment or ruling of the Superior Court may be reviewed by certiorari in the discretion of the Supreme Court." 4 L.P.R.A. 37.

The reference is to § 35 of the Organic Act of the Judiciary of 1950 (Sess. Laws, p. 1126) which provided:

"The judgments, decisions and rulings of the District Court of Puerto Rico in actions and remedies in the first instance may be appealed to the Supreme Court of Puerto Rico under the terms and conditions established by law.

The judgments, decisions and rulings of the District Court of Puerto Rico *in notices of appeal or in review proceedings* may not be appealed to the Supreme Court of Puerto Rico, but the same shall be reviewable by certiorari, in the discretion of the Supreme Court of Puerto Rico."

Thus, even in the light of the strictest and most literal interpretation of the statute, the judgments of the Superior Court rendered in certiorari proceedings to review actions of the District Court were not appealable to this Court after the effective date of § 35 of the Organic Act of the Judiciary of 1950. The common, as well as the technical, acception of the word "review" includes, unquestionably, the review by writ of certiorari of the judgments, orders and rulings of the District Court.

Finally, in view of the statutes we have mentioned, it would be idle to consider binding the case law which, prior to the effective date of such statutes, was built up on the

interpretation of § 295 of the Code of Civil Procedure.[10] Furthermore, the only rational justification for the juridical rule established by the case law was that by certiorari only errors of procedure and jurisdiction could be raised and that it merely afforded a narrow and limited review as compared with the review on appeal. Therefore, ever since our decision in the *Pérez Segovia* case, *supra*, that jurisprudential doctrine has been overridden and lost all its effectiveness.

The motion for reconsideration will be denied.

---

[10] Since 1905, the Unlawful Detainer Act has provided for only one appeal in each case. 32 L.P.R.A. 2830. Also by virtue of paragraph (2) of § 295 (since 1905) no appeal could be taken to the Supreme Court from judgments rendered by the District Courts (now Superior Court) in cases sent up by the Municipal Courts (now District Court), when the value of the property claimed, or the amount of the judgment did not exceed $300. This notwithstanding, the Supreme Court held that if in these cases a petition for certiorari to review the judgment of the Municipal Court was filed, the decision of the District Court was appealable to the Supreme Court. So that instead of a single trial and review, two reviews were obtained. *American Railroad Co. of P. R.* v. *Municipal Court*, 16 P.R.R. 227 (1910); *León* v. *Brusi*, 21 P.R.R. 423 (1914); *Agostini* v. *Municipal Court of San Juan et al.*, 33 P.R.R. 780 (1924); *Giménez* v. *Municipal Court*, 58 P.R.R. 57 (1941); *Stiechll* v. *Municipal Court*, 61 P.R.R. 500 (1943); *Viera* v. *Municipal Court*, 64 P.R.R. 520 (1945); *Vando* v. *Municipal Court*, 65 P.R.R. 6 (1945); *González* v. *Municipal Court*, 65 P.R.R. 611 (1946); *Viera* v. *Municipal Court*, 66 P.R.R. 29 (1946); *Latoni* v. *Municipal Court*, 67 P.R.R. 130 (1947). In *Camacho* v. *District Court*, *supra*, it was held for the first time that when the former District Court flatly denied a petition for certiorari there was no appealable judgment, thus overruling a good number of decisions to the contrary. However, and although by *dictum*, the former case law concerning cases in which the District Court considered the merits of the suit was reaffirmed. We must point out that in *Pagán* v. *District Court*, 75 P.R.R. 340 (1953) we entertained the appeal taken from the judgment rendered by the Superior Court in a certiorari proceeding reviewing upon the merits a judgment of the District Court. There we did not discuss the question of whether or not the appeal lay and we committed error for which reason we now overrule that case as to this particular.